James A. Krueger, WSBA #3408
Lucy R. Clifthorne, WSBA #27287
Vandeberg Johnson & Gandara, LLP
1201 Pacific Avenue, Suite 1900
Tacoma, WA 98402-4391
253-383-3791
jkrueger@vjglaw.com
lclifthorne@vjglaw.com
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA BROWN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL AUTO GROUP III, INC., D/B/A ENUMCLAW CHRYSLER JEEP DODGE RAM, <br><br> Defendant. | No. 2:21-cv-00700 <br><br> ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Universal Auto Group III, Inc., doing business as Enumclaw Chrysler Jeep Dodge Ram ("UAG"), by and through its attorneys Vandeberg Johnson & Gandara, LLP and James A. Krueger and Lucy R. Clifthorne, answers the Plaintiff's Complaint as follows:

1. To the extent paragraphs 1 and 2 of the Plaintiff's Complaint contain a factual allegation that UAG violated the Telephone Consumer Protection Act ("TCPA"), they are denied.

2. UAG admits the allegations in paragraph 3 of the Plaintiff's Complaint.

3. UAG denies the allegations in paragraph 4 of the Plaintiff's Complaint.

4. To the extent paragraph 5 of the Plaintiff's Complaint contain a factual allegation that UAG acted illegally, it is denied.

ANSWER AND AFFIRMATIVE DEFENSES - 1
Case No. 2:21-cv-00700

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\16000-16999\16399\16399-00006\Pleadings\Answer

5. UAG admits the allegations in paragraph 6 of the Plaintiff's Complaint.

6. In answer to paragraph 7 of the Plaintiff's Complaint, UAG admits this Court has personal jurisdiction over UAG and that venue is proper, and denies it has any unauthorized marketing scheme.

7. UAG lacks sufficient information to admit or deny the allegations in paragraph 8 of the Plaintiff's Complaint, and they are therefore denied.

8. To the extent they contain factual allegations requiring an answer, UAG admits the allegations in paragraph 9 of the Plaintiff's Complaint, except denies UAG markets throughout the United States.

9. There are no factual allegations requiring an answer in paragraph 10 of the Plaintiff's Complaint.

10. In answer to paragraphs 11 through 22 of the Plaintiff's Complaint, UAG asserts that these statutes and regulations speak for themselves.

11. UAG denies the allegations in paragraphs 23 and 24 of the Plaintiff's Complaint.

12. UAG lacks sufficient information to admit or deny the allegations in paragraphs 25 and 26 of the Plaintiff's Complaint, and they are therefore denied.

13. UAG admits the allegations in paragraph 27 of the Plaintiff's Complaint.

14. UAG lacks sufficient information to admit or deny the allegations in paragraph 28 of the Plaintiff's Complaint, and they are therefore denied.

15. In answer to the allegations in paragraph 29 of the Plaintiff's Complaint, UAG denies that it (or anyone on its behalf) ever made a prerecorded call to Plaintiff or to a telephone ending in 8280, or that it has an automatic telephone dialing system.

16. In answer to the allegations in paragraph 30 of the Plaintiff's Complaint, UAG asserts that Plaintiff gave UAG two telephone numbers and an email address for its use in contacting Plaintiff, and that it neither asked for nor received express written consent to contact Plaintiff by a prerecorded message.

ANSWER AND AFFIRMATIVE DEFENSES - 2
Case No. 2:21-cv-00700

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\16000-16999\16399\16399-00006\Pleadings\Answer

17. UAG denies the allegations in paragraphs 31 and 32 of the Plaintiff's Complaint.

18. To the extent they contain factual allegations requiring an answer, UAG denies the "Class Allegations" in paragraphs 33 through 44 of the Plaintiff's Complaint.

19. In answer to paragraph 45 of the Plaintiff's Complaint, see prior answers.

20. In answer to paragraphs 46, 47, and 48 of the Plaintiff's Complaint, UAG asserts that the cited statute and regulations speak for themselves.

21. UAG denies the allegations in paragraphs 49, 50, 51, 52, 53, 54, and 55, and specifically reiterates that it did not make prerecorded telephone calls to the Plaintiff or to a telephone number ending in 8280.

### Affirmative Defenses

1. Because the use of an automatic telephone dialing system or an artificial or prerecorded voice are necessary elements of a Telephone Consumer Protection Act violation, and Defendant has no such system and neither Defendant nor anyone on Defendant's behalf made such call, Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, are caused by Plaintiff or by a party other than Defendant.

### Prayer for Relief

Wherefore the Defendant prays for the following relief:

1. Dismissal of the Plaintiff's Complaint with prejudice.

2. An award to the Defendant of statutory costs and fees.

3. Such other relief as the Court deems just and equitable.

DATED this __21__ day of June, 2021.

VANDEBERG JOHNSON & GANDARA, LLP

By _____
James A. Krueger, WSBA # 3408
Lucy R. Clifthorne, WSBA # 27287
Attorneys for Defendant

ANSWER AND AFFIRMATIVE DEFENSES - 3
Case No. 2:21-cv-00700

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
1201 PACIFIC AVENUE, SUITE 1900
P.O. BOX 1315
TACOMA, WASHINGTON 98401-1315
(253) 383-3791 (TACOMA)
FACSIMILE (253) 383-6377

F:\16000-16999\16399\16399-00006\Pleadings\Answer