**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DEBRA BROWN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL AUTO GROUP III, INC., <br><br> Defendant. | Case No.: 2:21-cv-00700-TLF <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

COMES NOW, Plaintiff Debra Brown and Defendant Universal Auto Group III, Inc., to file this Joint Status Report and Discovery Plan with the Court. As of the date of this Status report, all defendants have been served.

On July 12, 2021, the parties engaged in a Fed. R. Civ. P. 26(f) Conference. As a result of this conference and exchange of disclosures, the parties present the following:

**1.      Statement of Nature and Complexity of the Case:**

Plaintiff's Statement:

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").  Specifically, Plaintiff alleges that Defendant sent her a prerecorded voice call advertising Defendant's dealership without her express written consent in violation of the TCPA and its implementing regulations.  Plaintiff brings this case as a putative

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
Case No. 2:21-cv-00700-TLF

class action seeking injunctive relief and statutory damages on behalf of herself and all others who received similar prerecorded solicitations without their consent.

Defendant's Statement:

Defendant alleges that Plaintiff did not receive any prerecorded voice call from Defendant's automobile dealership. Any telephone call that Plaintiff received from Defendant was from an individual caller in response to Plaintiff's direct inquiries to Defendant. Defendant did not violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., there is no class of similarly situated individuals, and Plaintiff's lawsuit should be dismissed as a matter of law.

**2.     Deadline for Joinder of Additional Parties:**

Additional parties to this lawsuit shall be joined no later than **September 13, 2021**.

**3.     Proposed Discovery Plan:**

A.     The parties shall serve initial disclosures by **July 30, 2021**.

B.     The parties do not see the need to phase discovery. The parties anticipate discovery to encompass (1) whether Defendant made a prerecorded voice call to Plaintiff; and if so (2) the number of calls transmitted to Plaintiff and the putative class members; (3) the purpose Defendant's prerecorded voice calls; (4) the type of consent, if any, provided by Plaintiff and the putative class members to Defendant authorizing the transmission of prerecorded voice calls.

C.     The parties have preserved any electronically stored information.

D.     The parties do not anticipate privilege issues.

E.     There are no proposed limitations on discovery.

F.     The parties anticipate agreement on a protective order protecting the confidentiality of Defendant's proprietary and customer information.

4. **Local Civil Rule 26(f)(1):**

   A. The parties have conferred and disagree as to whether early resolution of this case is likely. Discussions have begun to work towards resolving certain individual issues in hopes of limiting the issues subject to litigation.

   B. If this case is not resolved early, the parties may desire to engage in mediation. However, the matter will not be ripe for mediation until the majority of discovery has been completed.

   C. There are no related cases.

   D. The parties believe that they will act in good faith to manage discovery to minimize expense to the litigants.

   E. The parties anticipate discovery to include investigation, written discovery, damages, and depositions of witnesses to the various asserted claims and defenses.

   F. The parties do not anticipate the need to phase motions.

   G. The parties believe that discoverable information has been preserved.

   H. As noted above, the parties anticipate that there may be privilege issues surrounding attorney/client privilege. The parties will work together in attempt to resolve as they arise, and if not resolved work together to present the issues to the Court.

5. **Discovery Completion:**

   The parties have conferred and believe that discovery can be completed by November 30, 2021, provided that if it is determined that Defendant, or someone on Defendant's behalf, made a prerecorded voice call to Plaintiff and others, discovery can be completed by January 14, 2022.

6. **Bifurcation:**

   The parties do not believe this case should be bifurcated.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
Case No. 2:21-cv-00700-TLF

**7.     Pretrial Statements and Pretrial Orders:**

The parties agree that this case is appropriate for pre-trial statements and a pretrial order.

**8.     Individualized Trial Program:**

The parties do not believe this case should be submitted to the Individualized Trial Program.

The parties currently take the joint position regarding alternative dispute resolution that mediation may be held after discovery is mostly completed.

**9.     Suggestions for Shortening or Simplifying Case:**

The parties have no suggestions for shortening or simplifying the case.

**10.    Date Ready for Trial:**

The parties agree that the case will be ready for trial on February 1, 2022. This date works with both parties' trial calendars as well as the holidays. If it is determined that Defendant, or someone on Defendant's behalf, did, in fact, made a prerecorded voice call to Plaintiff and others, the parties will jointly submit a new proposed trial schedule.

**11.    Jury or Non-jury:**

Plaintiff has demanded a jury.

**12.    Length of Trial:**

The parties believe that this case can be tried in 4-5 days.

**13.    Trial Counsel:**

The name, address and telephone number of trial counsel for Plaintiff is as follows: Manuel S. Hiraldo, 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, 954-400-4713.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
Case No. 2:21-cv-00700-TLF

The names, address, and telephone number of trial counsel for Defendant -Universal Auto Group III are as follows: James A. Krueger and Lucy R. Clifthorne, Vandeberg Johnson & Gandara, LLP, 1201 Pacific Avenue, Suite 1900, Tacoma, WA 98401, 253-383-3791.

14. **Trial Date Complications:**

Currently, Plaintiff's counsel does not have any complications with the proposed trial date or in that time frame.

15. **Service:**

All parties have been served.

16. **Scheduling Conference:**

No scheduling conference is needed prior to a scheduling order being entered.

17. **Corporate Disclosures:**

Defendant filed its Corporate Disclosure on July 13, 2021.

DATED this 13th day of July 2021.

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel Hiraldo
        (*pro hac vice*)
        401 E. Las Olas Blvd., Suite 1400
        Fort Lauderdale, FL 33301
        MHiraldo@Hiraldolaw.com
        Telephone: 954-400-4713

        Kira M. Rubel, WSBA No. 51691
        **HARBOR LAW GROUP**
        3615 Harborview Drive, Suite C
        Gig Harbor WA 98332
        (253) 251-2955
        kira@theharborlawgroup.com
        *Attorney for Plaintiff and the Putative Class*

1
2
3
4
5
6
7
8
9

**VANDEBERG JOHNSON & GANDARA, LLP**

 *s/ James A. Krueger*
James A. Krueger
1201 Pacific Ave., Suite 1900
Tacoma, WA   98401
jkrueger@vjglaw.com
Telephone: 253-383-3791

Lucy R. Clifthorne
1201 Pacific Ave., Suite 1900
Tacoma, WA   98401
lclifthorne@vjglaw.com
Telephone: 253-383-3791

*Attorneys for Defendant*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
Case No. 2:21-cv-00700-TLF

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the United States and the State of Washington that I caused the forgoing document to be served on all parties of record via electronic transmission to all parties and attorneys of record:

Dated: July 13, 2021.

By: /s/ Manuel S. Hiraldo
      Manuel Hiraldo

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
Case No. 2:21-cv-00700-TLF